In the Matter of the Application of the VILLAGE OF LAWRENCE, Petitioner, for an Order against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, JOSEPH V. O'LEARY, as Comptroller of the State of New York and as Administrative Head of the New York State Employees' Retirement System, and GEORGE B. BUCK, as Actuary of the New York State Employees' Retirement System, and NASSAU COUNTY, Respondents.

Supreme Court, Special Term, Albany County, August 1, 1942.

*Conklin & Bentley* [*Edward S. Bentley* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Hugh Reilly, Assistant Attorney-General*, of counsel], for respondents other than Nassau County.

*Marcus G. Christ, Nassau County Attorney* [*John J. Knob, Deputy County Attorney*, of counsel], for the respondent Nassau County.

BERGAN, J. The facts are not in dispute. The members of the police force formerly employed by the village of Lawrence are now employed and paid by the county of Nassau. By virtue of section

803 of the County Government Law of Nassau County (Laws of 1936, chap. 879, adopted by Nassau County) the " police force " of the village were, by action of the board of supervisors of the county constituted " members of the police force of the county " on January 1, 1939.

It may well be, as argued by the county, that the police department of the village has not been abolished by the merger with the county police department, but it has no members, and its former members, whose status in the State Employees' Retirement System is here in controversy, are no longer village employees, but are employees of the county. I think section 1501 of the said County Government Law has no effect on the dispute here. The villages are continued with their existing obligations. But existing obligations may be terminated and new ones assumed. One of the obligations of the village when the county charter became effective was to manage and pay its police force. But those obligations have now been assumed, by mutual consent of county and village, by the county.

I think that the transfer of the membership of the members of the State Employees' Retirement System from village to county service carried with it the obligation on the part of the county to pay the deficiency contributions of the members in the system from the time they became county employees.

The basis of the deficiency contribution of a county or village is the amount that the State would pay in the case of a State employee. (Civ. Serv. Law, § 78.) In the case of a county employee, it is there stated in plain language, the amounts which would be payable by the State as certified by the State Comptroller shall be a charge against the county. This is the language prior to the 1942 amendment and there is no change in substance by that amendment.

The deficiency contribution assessed against the village of Lawrence when its employees became members of the State system was not assessed, under the theory of the statute providing for the State Employees' Retirement System, because those employees had been in village service as such before they became members. It was because they had prior service of such a character as to become a subject of computation as a part of their ultimate benefits upon retirement. Other kinds of prior service would have been included, such as State or other municipal service, and certain military service, to be stated in the " prior service certificate " of the member. (See Civ. Serv. Law, § 50, subds. 8, 9; § 76.)

Therefore the annual apportioned liability for deficiency contributions for prior service, which is clearly not assumed because

it is service in the branch of the government in which the member was employed upon entry into the system, but because it is public service of a kind which enters into the calculation of the member's benefits, follows the member from one service to another, just as would the obligation for normal contributions. It is a part of the obligation of that branch of the government which presently employs and pays the member and which presently contributes to the State system the current obligations of the system. It would seem clear that this would be the obligation of the State as to State employees having prior municipal service within the spirit and language of the statute (Civ. Serv. Law, § 58, subd. 3) and the obligation of counties for county employees is assumed in the same manner. (§ 78.)

It is arguable from the language of section 78 that when the village made a special deficiency contribution " on account of its approval of the participation " of employees in the State system, its liability became fixed for the total amount even if the employee left its service, remaining in the retirement system through public service in another branch of the government. But the scheme of the statute on the whole does not support this view. The deficiency contribution shall be determined " in the same manner " as the deficiency rate was determined for State employees. It was paid " annually into the pension accumulation fund." (§ 58, subd. 3, ¶ [a].) It is based on his " earnable compensation " which presently means the compensation paid by the county. It is fixed by the liabilities of the retirement system as shown by actuarial valuations. This is reflected in age, length of county and village and other service, and present as well as past compensation.

The deficiency contribution is a continuous obligation until the reserve in the pension accumulation fund equals the present actuarial value less the present value computed on the basis of the normal contribution rate then in force, in which event it is discontinued. (§ 58, subd. 3, ¶ [e].) It is not a static or fixed obligation. It is affected by present conditions. Therefore the annual deficiency contribution is closely integrated with the normal contributions and it reflects, progressively, the present employment status of the member as that may change from time to time. The obligation, it seems clear to me, follows the employee, and the special deficiency contribution " on account of its approval of the participation " must now be deemed to relate to the approval of the county to participation by its employees.

If constitutional provisions are here involved at all, I think they would operate to prevent the statutory obligation of the county in respect of county employees being paid by a village after their

village employment terminated. (State Const. Art. VIII, § 2.) I conclude that the view of this obligation originally taken by the comptroller is the correct one and that the subsequent determination is erroneous.

Since there is no triable issue of fact, petitioner may submit a final order annulling the determination of the Comptroller, except that the petitioner shall pay the amounts that may be certified as to employees who retired prior to January 1, 1939. I do not pass upon the precise amounts to be provided by the final order and I assume the parties can agree on the amounts to be inserted in the order which shall be consistent with this determination, and if they cannot, the order shall be settled on notice.

Papers filed. Submit order.